**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERIAH SELLERS, | : | CIVIL ACTION |
| *Plaintiff*, | : | NO. 1:25-CV-01979-KMN |
| v. | : | |
| HERSHEY ENTERTAINMENT & RESORTS COMPANY, d/b/a MELTSPA BY HERSHEY, | : | |
| *Defendant*. | : | ELECTRONICALLY FILED |

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**(February 9, 2026)**

---

Respectfully submitted,

PILLAR AUGHT LLC

By: /s/ *Lindsey E. Snavely*
Lindsey E. Snavely, Esquire
Attorney I.D. No. 308145 (PA)
lsnavely@pillaraught.com
4201 E. Park Circle
Harrisburg, PA 17111
(717) 308-9910

*Attorneys for Defendants*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES ........ ii**

**I. INTRODUCTION ........ 1**

**II. REPLY ........ 1**

**A. Plaintiff Misinterprets Third Circuit Law, And Requesting A Religious Accommodation, Alone, Is Not A Protected Activity ........ 1**

**B. Defendant's Undue Hardship Argument Against Plaintiff's Failure To Accommodate Claims Is Not Premature ........ 6**

**C. Plaintiff's Only Accommodation Request Is Unlawful Because It Would Sanction Discrimination On The Basis Of Sex ........ 7**

**D. Plaintiff Fails To State A Claim For Disparate Treatment ........ 10**

**E. Plaintiff Admits That Her Claims Under The PHRA Should Be Dismissed ........ 11**

**III. CONCLUSION ........ 11**

# TABLE OF AUTHORITIES

**Cases**

Abramson v. William Paterson College of New Jersey,
260 F.3d 265 (3d Cir. 2001) ....................10

Atkinson v. LaFayette Coll.,
460 F.3d 447 (3d Cir. 2006) ....................11

Ball v. Famiglio,
726 F.3d 448 (3d Cir. 2013) ....................6

Beecham v. United States,
511 U.S. 368 (1994) ....................4

Crawford v. Metro Gov't of Nashville & Davidson County,
555 U.S. 271 (2009) ....................2, 3, 4

Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,
2023 U.S. Dist. LEXIS 84888 (S.D.N.Y. May 15, 2023) ....................6

Divine Equality Righteous v. Overbrook School for the Blind,
2023 U.S. Dist. LEXIS 128805 (E.D. Pa. July 26, 2023) ....................3

EEOC v. N. Mem'l Health Care,
908 F.3d 1098 (8th Cir. 2018) ....................3

Leveto v. Lapina,
258 F.3d 156 (3d Cir. 2001) ....................6

Moore v. City of Philadelphia,
461 F.3d 331 (3d Cir. 2006) ....................2

Perrin v. United States,
444 U.S. 37 (1979) ....................2

S. D. Warren Co. v. Maine Bd. of Environmental Protection,
547 U.S. 370 (2006) ....................4

Smith v. City of Atlantic City,
138 F.4th 759 (3d. Cir. 2025). ........................................................................1, 3

Stanley v. ExpressJet Airlines, Inc.,
808 Fed. Appx. 351 (6th Cir. 2020) ...................................................................3

**Rules**

Federal Rule of Civil Procedure 12(b)(6)..............................................................6

## I. INTRODUCTION

Defendant, Hershey Entertainment & Resorts Company d/b/a MeltSpa by Hershey ("Defendant" or "MeltSpa"), submits this Reply Brief pursuant to Local Rule of Civil Procedure 7.7 to briefly address certain arguments that are raised by Plaintiff, Jeriah Sellers ("Plaintiff"), in her Brief in Opposition to Defendant's Motion to Dismiss ("Response Brief").

For the reasons set forth herein, along with all the reasons previously addressed in Defendant's Brief in Support of Motion to Dismiss [see Brief in Support (Dkt. No. 14)], Plaintiff's Complaint should be dismissed with prejudice.

## II. REPLY

### A. Plaintiff Misinterprets Third Circuit Law, And Requesting A Religious Accommodation, Alone, Is Not A Protected Activity.

As set forth in Defendant's Brief in Support, Plaintiff does not allege that she engaged in any cognizable protected activity sufficient to plead a retaliation claim under Title VII of the Civil Rights Act ("Title VII") and/or the Pennsylvania Human Relations Act ("PHRA"). [See Brief in Support (Dkt. No. 14), at pp. 6-9.]

In response, Plaintiff argues that both the Equal Employment Opportunity Commission ("EEOC") and the Third Circuit Court of Appeals have held that requesting an accommodation, without more, is a protected act. But, Plaintiff ignores that the EEOC guidance is not law and further misinterprets the Third Circuit's dicta in Smith v. City of Atlantic City, 138 F.4th 759 (3d. Cir. 2025).

By way of quick background, "[w]ith respect to 'protected activity,' the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings (the 'participation clause') and those who oppose discrimination made unlawful by Title VII (the 'opposition clause')." Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006). Plaintiff does not plead participation, and rightfully asserts that "Defendant's argument that Plaintiff failed to state a claim of retaliation is a legal question bearing on . . . whether a request for a religious accommodation can constitute 'opposition' for purposes of Title VII's anti-retaliation provision." [See Response Brief (Dkt. No. 17), at p. 8.]

The Supreme Court has recognized that "opposition" includes the following under Title VII:

> The opposition clause makes it "unlawful . . . for an employer to discriminate against any . . . employe[e] . . . because he has opposed any practice made . . . unlawful . . . by this subchapter." § 2000e-3(a). The term "oppose," being left undefined by the statute, carries its ordinary meaning, Perrin v. United States, 444 U.S. 37, 42, 100 S. Ct. 311, 62 L. Ed. 2d 199 (1979): "[t]o resist or antagonize . . .; to contend against; to confront; resist; withstand," Webster's New International Dictionary 1710 (2d ed. 1957).

Crawford v. Metro Gov't of Nashville & Davidson County, 555 U.S. 271, 276 (2009). Since that time, courts have held that "merely requesting a religious accommodation is not the same as opposing the allegedly unlawful denial of a religious accommodation." EEOC v. N. Mem'l Health Care, 908 F.3d 1098, 1102

(8th Cir. 2018). See also Stanley v. ExpressJet Airlines, Inc., 808 Fed. Appx. 351, 358 (6th Cir. 2020); Divine Equality Righteous v. Overbrook School for the Blind, 2023 U.S. Dist. LEXIS 128805 (E.D. Pa. July 26, 2023) (collecting cases).[1]

The Third Circuit's decision in Smith v. City of Atlantic City did not change this legal position. To be sure, whether merely requesting a religious accommodation, without more, constituted protected activity under Title VII was not an issue that the Third Circuit decided. 138 F.4th at 759. Rather, in passing *dicta*, the Third Circuit stated only:

> There is no genuine dispute that Smith has satisfied the first element of a prima facie retaliation case because he requested an accommodation, lodged a complaint with HR in furtherance of that request, and filed this lawsuit. ***All*** are activities protected by Title VII.

Id. at 775 (emphasis added). The Third Circuit's use of the word "all" —as opposed to "each"— is critical here. The word "all" is defined as "the whole amount." See https://www.merriam-webster.com/dictionary/all (last accessed Feb. 5, 2026). Notably, the Third Circuit did not find that requesting an accommodation alone, or that ***each*** individual activity, constituted protected conduct. Rather, it recognized that requesting an accommodation, plus lodging a complaint with Human Resources in further of that request, plus filing the lawsuit ***all, as a whole***, constituted protected activity. To that end, the Smith Opinion is consistent with the Supreme Court's

[1] Unpublished opinions are attached hereto as **Exhibit A**.

Crawford Opinion that something more than a religious accommodation request is required to satisfy the opposition clause. As Justice Alito and Justice Thomas wrote in their Concurrence:

> It is noteworthy that all of the other conduct protected by this provision--making a charge, testifying, or assisting or participating in an investigation, proceeding, or hearing--requires active and purposive conduct. "'That several items in a list share an attribute counsels in favor of interpreting the other items as possessing that attribute as well.'" S. D. Warren Co. v. Maine Bd. of Environmental Protection, 547 U.S. 370, 378, 126 S. Ct. 1843, 164 L. Ed. 2d 625 (2006) (quoting Beecham v. United States, 511 U.S. 368, 371, 114 S. Ct. 1669, 128 L. Ed. 2d 383 (1994)).

Crawford, 555 U.S. at 282. Requesting an accommodation is not similar to the other conduct on the list.

The EEOC Guidance that Plaintiff cites also supports that something more than a request is required. Initially, it bears noting that the EEOC Guidance states very clearly that **"[t]he contents of this document do not have the force and effect of law and are not meant to bind the public in any way."** [See https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#_ftn321 (last accessed Feb. 5, 2026) (emphasis included).] Even if it did, however, while the EEOC may say that "it takes the position that requesting a religious accommodation is a protected activity," their example, in practice, shows that additional opposition is needed:

**EXAMPLE 56**

> **Retaliation for Requesting Accommodation**
>
> Jenny requests that she be excused from daily employer-sponsored Christian prayer meetings because she is an atheist. Her supervisor insists that she attend, but she persists in her request that she should be excused and explains that requiring her to attend is offensive to her religious beliefs. ***She takes her request to human resources and informs them that requiring her to attend these prayer meetings is offensive to her religious beliefs.*** Despite her supervisor's objections, the human resources department instructs the supervisor that in the circumstances no undue hardship is posed and he must grant the request. Motivated by reprisal, her supervisor shortly thereafter gives her an unjustified poor performance rating and denies her requests to attend training that is approved for similarly situated employees. This retaliation violates Title VII.

See https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#h_9280755348251610750379037 (last accessed Feb. 5, 2026) (emphasis added). Again, this is consistent that requesting an accommodation ***and*** lodging a complaint with Human Resources in further of that request constitutes a protected activity.

Here, Plaintiff did not oppose the alleged unlawful denial of a religious accommodation prior to receiving her suspension. Nor did she plead any other protected activity under Title VII. Accordingly, her retaliation claims should be dismissed.

### B. Defendant's Undue Hardship Argument Against Plaintiff's Failure To Accommodate Claims Is Not Premature.

Plaintiff argues that undue hardship is an affirmative defense that may not be raised in a Rule 12(b)(6) Motion to Dismiss. [See Response Brief (Dkt. No. 17), at pp. 12-15.] Plaintiff's argument is incorrect.

Although undue hardship is an affirmative defense, the Third Circuit has consistently held that an affirmative defense may be raised in a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) when the facts establishing it are clear from the face of the Complaint. See e.g. Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense…appears on its face."); Ball v. Famiglio, 726 F.3d 448, 459 (3d Cir. 2013) (recognizing that affirmative defenses can be raised in a Rule 12(b)(6) Motion to Dismiss if the complaint reveals the defense on its face).

As thoroughly discussed in Defendant's Brief in Support and below, Plaintiff's only plead accommodation —to not escort a biological male guest into the women's locker room— is discriminatory on its face. Thus, Defendant's undue hardship argument against Plaintiff's failure to accommodate claims are not premature and can be decided via this Motion to Dismiss. See Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., 2023 U.S. Dist. LEXIS 84888, at *11 (S.D.N.Y. May 15, 2023) ("Although undue hardship is an affirmative defense, it

may be raised on a pre-answer motion to dismiss when the facts establishing it are clear from the face of the complaint.").

**C. Plaintiff's Only Accommodation Request Is Unlawful Because It Would Sanction Discrimination On The Basis Of Sex.**

While Plaintiff spends much of her Brief on this issue citing private bathroom laws and arguing that she "would happily serve anyone regardless of their gender identity," [see Response Brief (Dkt. No. 17), at p. 15], her arguments are both legally and factually meritless.

First, Plaintiff's argument that she "would happily serve anyone regardless of their gender identity" is disingenuous and conflicted by her own allegations. To "serve," is "to perform the duties" of her employment. See Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/serve (last accessed Feb. 5, 2025). As a Concierge, Plaintiff admits that her duties of employment require her to escort guests back to either the door of the male locker room or within the female locker room, where the guest may change prior to their scheduled treatment. [See Complaint (Dkt. No. 1), at ¶ 15.] Plaintiff also admits that guests of MeltSpa are welcomed to use the locker room that corresponds with their gender identity, and additional options are available for those guests who would prefer more privacy. [Id. at Exhibit B (Spa Transgender Policies).] Taken together, to "serve" a guest of MeltSpa, Plaintiff must escort guests back the locker room that corresponds with the guest's gender identity. [Id.] For Plaintiff to allege that would serve anyone

regardless of gender identity, but not perform her job by walking a transgender guest to the appropriate locker room, is a distinction without a difference. Tomato, tomato, as they say.

Second, and more importantly, however, Defendant is not here to litigate the Pennsylvania laws on separate locker room facilities or privacy rights. Rather, the argument in this Motion to Dismiss is very simple: Plaintiff ***admits*** that the ***only*** accommodation she is requesting is to "not walk a biological male into the women's locker room,"[2] even when that guest identifies as a female [see Response Brief (Dkt. No. 17), at p. 15]; permitting such an accommodation would allow Plaintiff to treat transgender individuals differently on the basis of their gender identity, which is point-blank discrimination; and neither Title VII nor the PHRA require Defendant to accommodate a clearly discriminatory practice. Case law —as cited in Defendant's Brief in Support and to which Plaintiff did not respond to or distinguish ***at all***— clearly supports that requiring Defendant to violate the law imposes an undue hardship. [See Brief in Support (Dkt. No. 14), at pp. 9-14.]

Furthermore, Plaintiff's argument that her outright refusal to escort a transgender individual is akin to another employee not serving a guest because that

---

[2] Plaintiff's Response Brief disingenuously deemphasizes the role of gender identity in this analysis and what her position requires. As plead in the Complaint, Plaintiff was aware that the guest she refused to serve was a male who identifies as a woman and is a well-known political figure. [See Complaint (Dkt. No. 1), at ¶ 18.]

employee needs to "make a phone call, complete other work tasks, or use the restroom," is unpersuasive. [See Response Brief (Dkt. No. 17), at p. 11.] Making a phone call, completing other work tasks, or using the restroom are not facially discriminatory actions, and Plaintiff has not plead that anyone engaged in these activities for the sole purpose of not serving a transgender guest (as Plaintiff wishes to do).[3]

Simply put, granting the only accommodation Plaintiff requests would permit Plaintiff to treat transgender guests (who she will not escort to the locker room) differently than cisgender guests (who she will escort to the locker room) ***solely*** on the basis of their gender identities. This constitutes unlawful discrimination against Defendant's transgender guests. Such unlawful conduct does not need to be accommodated, and thus, Plaintiff's failure to accommodate claims should be dismissed.

[3] That Plaintiff's accommodation request could also be "discreetly" carried out similar to just grabbing a cup of coffee or going to the bathroom also seems unlikely given that Plaintiff has filed this federal lawsuit and identified herself (via name and photograph) in the local media. See https://www.pennlive.com/news/2025/10/hershey-spa-employee-sues-over-suspension-for-refusing-to-escort-transgender-woman.html (last accessed February 5, 2026).

**D. Plaintiff Fails To State A Claim For Disparate Treatment.**

To plead a claim for religious discrimination under the disparate treatment theory, Plaintiff must allege that she: (1) is "a member of a protected class"; (2) "suffered an adverse employment action"; and (3) "nonmembers of the protected class were treated more favorably." Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 281-282 (3d Cir. 2001). Plaintiff attempts to plead the third element by claiming that "she was disciplined for her actions, while other employees have been accommodated in more trivial situations, such as when they are doing another task, or need to take a call, or use the restroom." [See Response Brief (Dkt. No. 17), at p. 18.] This argument compares apples to oranges.

As alleged in the Complaint, Plaintiff was issued a Personnel Action Memorandum and one (1) day suspension for violating the Spa Transgender Policy and refusing to assist a guest based on their gender identity. [See Complaint (Dkt. No. 1), at ¶ 42 and Exhibit C (Personal Action Memorandum).] Plaintiff ***does not*** allege that other employees outside of her protected class outright refused to perform their Concierge duties and escort guests to the locker rooms but were not disciplined and/or otherwise violated the Spa Transgender Policy. Accordingly, Plaintiff's disparate treatment claims must be dismissed.

### E. Plaintiff Admits That Her Claims Under The PHRA Should Be Dismissed.

Plaintiff concedes that she has not properly exhausted her administrative remedies as required by the PHRA. [See Response Brief (Dkt. No. 17), at pp. 19-20.] Accordingly, Plaintiff's PHRA claims are not properly before this Court, and these claims must be dismissed.[4]

## III. CONCLUSION

For all of the foregoing reasons, Defendant, Hershey Entertainment & Resorts Company, d/b/a MeltSpa by Hershey, respectfully requests that their Motion to Dismiss should be granted, and that Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

PILLAR AUGHT LLC

By: */s/ Lindsey E. Snavely*
Lindsey E. Snavely, Esquire
Attorney I.D. No. 308145 (PA)
lsnavely@pillaraught.com
4201 E. Park Circle

[4] Plaintiff argues that these PHRA claims should be dismissed without prejudice. However, "[c]laims under the PHRA are interpreted coextensively with Title VII claims." Atkinson v. LaFayette Coll., 460 F.3d 447, 454 (3d Cir. 2006) (citation omitted). Accordingly, to the extent this Court grants Defendant's Motion to Dismiss and dismisses Plaintiff's Title VII claims with prejudice, Defendant respectfully submits that the PHRA claims should similarly be dismissed with prejudice.

Harrisburg, PA 17111
(717) 308-9910

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2026, a true and correct copy of the foregoing document was served electronically on the following:

Andrea L. Shaw, Esquire
Law Office of Andrew H. Shaw, P.C.
2011 Trindle Road
Carlisle, PA 17013
andrea@ashawlaw.com
*Attorneys for Plaintiff*

Randall L. Wenger, Esquire
Jeremy L. Samek, Esquire
Janice Martino-Gottshall, Esquire
Independence Law Center
23 North Front Street
Harrisburg, PA 17101
rwenger@indlawcenter.org
jsamek@indlawcenter.org
jmgottshall@indlawcenter.org
*Attorneys for Plaintiff*

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/ *Lindsey E. Snavely*